Ken I. Karan, Esq., California State Bar No. 204843
kkaran.law@gmail.com
LAW OFFICE OF KEN I. KARAN
2907 Shelter Island Drive, Ste. 105-215
San Diego, CA 92106
(760) 420-5488
Fax (866) 841-5420
*Attorney for Plaintiff Mark A. Vaughn*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO BRANCH

| | |
|---|---|
| MARK A. VAUGHN, <br><br> Plaintiff, <br><br> vs. <br><br> TERAN, nurse, <br><br> Defendants. | CASE NO.: <br><br> COMPLAINT FOR DAMAGES FOR WILLFUL VIOLATIONS OF CIVIL RIGHTS AND FOR PENDANT STATE CLAIMS <br><br> (42 U.S.C. § 1983, et al.) <br><br> (DEMAND FOR JURY TRIAL) |

Plaintiff alleges:

## INTRODUCTION

1. Defendant Teran is a licensed nurse employed by the California Department of Corrections and Rehabilitation (hereafter CDCR) as a health care provider for persons in the custody of CDCR. Defendant created the circumstances in which Plaintiff inhaled chlorine bleach damaging his lungs. In her role as a health care provider, Defendant provided supplies to inmates for their health care needs and medical conditions. Defendant had prior experience providing supplies to Plaintiff for his health care needs. Plaintiff uses a surgically created stoma in his trachea to breathe. This condition requires the use of devices inserted into the stoma. These devices must be routinely cleaned using hydrogen peroxide. On August 5, 2015, Plaintiff requested from Defendant the solution to

1
COMPLAINT FOR DAMAGES - *Vaughn v. Teran*

clean his stoma and trachea devices. Instead of providing hydrogen peroxide, Defendant Teran negligently, and with deliberate indifference, gave Plaintiff chlorine bleach without regard to the substantial risk of serious harm presented when a person ingests chlorine bleach. Without knowing that the solution was bleach, Plaintiff cleaned the devices with it and reinserted them into the stoma. Plaintiff immediately ingested chlorine bleach into his lungs. Chlorine reacts with water, including the water in the body, to form hydrochloric acid and hydrochlorous acid. Both of these substances are extremely poisonous to humans. Plaintiff's first symptom was a burning sensation in his lungs and trachea. He was immediately rushed to a local hospital for treatment. He now needs multiple breathing treatments every day, has trouble breathing, and suffers the harmful effects of chlorine poisoning.

I.

JURISDICTION

2. This is an action brought under 42 U.S.C. § 1983 to recover damages against Defendant for violation of Plaintiff's right to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments to the Constitution of the United States; under the Fourteenth Amendment; and under 42 U.S.C. § 1988 (attorney's fees) as hereinafter more fully appears.

3. This action includes claims arising from state laws that are transactionally related to the federal claims so as to form part of the same case or controversy under Article III of the United States Constitution. The pendent state claims raise neither novel nor complex issues of state law, nor substantially predominate over the federal claims. Pursuant to 28 USC § 1367, this Court may, and Plaintiff requests that this Court does, exercise supplemental jurisdiction over the pendent state law claims.

4. The included pendent state claims are brought under California Government Code §§ 815.6, 844.6, 845.6, 854.8, 855, California Penal Code §§ 1026, et seq., 2650, and California Civil Code § 1714.

2

COMPLAINT FOR DAMAGES - *Vaughn v. Teran*

5. The jurisdiction of this court is founded on 28 U.S.C. § 1331.

6. Plaintiff is informed and believes and thereon alleges that each individual defendant is, and at all relevant times was, a citizen of the United States and the State of California.

7. Venue. A substantial part of the events or omissions on which the claims are based occurred in the Eastern District of California. The United States District Court for the Eastern District of California sitting in Fresno, California is the proper venue. (28 U.S.C. § 1391(b)(2); U.S. Dist. Ct., Local Civ. Rules, Eastern Dist. Cal., rule 120(d).)

8. On information and belief, the events herein took place in CDCR's California State Prison - Corcoran, located in Corcoran, County of Kings, California.

9. Plaintiff presented to the Victim Compensation and Government Claims Board claims to the clerk for the injuries, disability, losses, and damages suffered and incurred by him by reason of the occurrences described herein. The Board refused to consider the claims on the basis of timeliness.

10. Pursuant to California Government Code, section 946.6, Plaintiff brought a petition to the Kings County Superior Court, Case No.: 16C0383, for an order to be relieved of the presentation requirements of California Government Code, section 945.4.

11. On June 20, 2017, the Court granted the petition thus relieving Plaintiff of the presentation requirements thereby perfecting his state law claims.

II.

PARTIES

12. PLAINTIFF VAUGHN is, and at all relevant times was, a citizen of the United States and the State of California. At all relevant times Plaintiff was a ward of the state in the custody of the California Department of Corrections and Rehabilitation. At all relevant times, Plaintiff resided at California State Prison - Corcoran. Due to the injuries suffered as alleged herein, Plaintiff is currently housed at the California Heath Care Facility - Stockton. He will be 47 years old in 2017.

13. DEFENDANT TERAN is, and at all relevant times was, a health care provider of nursing

services to Plaintiff. Defendant Teran is, or was, an agent, servant, employee, or contractor for CDCR at California State Prison, Corcoran. In doing the acts herein described, Defendant Teran was acting within the course and scope of her authority as such an agent, servant, employee, or contractor and with the permission and consent of co-defendants, if any, and employees of CDCR, and under their supervision and control. Defendant Teran is responsible for protecting the health and safety of Plaintiff; for implementing the medical care plan for Plaintiff; for taking initiative within the scope of her practice in the healing arts to ensure that the care plan does not create a risk of harm to Plaintiff; for ensuring that she has the education and knowledge to recognize risks to Plaintiff's health and safety and to act to protect Plaintiff from those risks.

14. Each individual Defendant is an agent, servant, employee, or contractor for CDCR. In doing the acts herein described, these Defendants were acting, within the course and scope of Defendants' authority as such an agent, servant, employee, or contractor and with the permission and consent of co-defendants and employees of CDCR, and under their supervision and control.

15. Plaintiff is informed and therefore believes and on that basis alleges that at all times and places mentioned herein each of the individual Defendants was the agent, representative, and/or employee of the remaining Defendants, and was at all times and places mentioned herein acting within the purpose and scope of said agency, representation, and/or employment.

16. The names of other officers, managing agents, contractors, health care providers, staff, correctional officers, and other personnel involved in the events out of which this complaint arises, and those officers, staff and personnel responsible for supervision, training, and determination of policy whose acts or omissions were material to the injuries complained of herein, are at this time unknown to Plaintiff. Plaintiff will amend the complaint to allege the true names and capacities when ascertained.

## III.

## FACTUAL ALLEGATIONS

17. Plaintiff realleges and incorporates by reference all paragraphs above and below as if set forth fully herein.

18. Plaintiff has undergone a tracheotomy, breathes through a surgically created stoma, and requires medical devices to breathe in his condition.

19. The medical devices Plaintiff uses require cleaning on a routine basis with hydrogen peroxide.

20. Prior to the injuries sustained herein, Plaintiff was authorized to possess labeled cleaning supplies which allowed him to clean the devices as needed.

21. For no apparent reason, a person not yet known to Plaintiff rescinded that authorization and required Plaintiff to present himself to the prison clinic each time he needed to clean the devices.

22. For several weeks, Plaintiff went to the clinic where Defendant Teran would provide the supplies, including hydrogen peroxide, Plaintiff needed and supervise the use of the supplies. Defendant Teran was aware of the reason Plaintiff needed to clean the devices, and that the purpose of the devices was to facilitate breathing.

23. On August 5, 2015, Defendant Teran purported to provide Plaintiff the cleaning supplies he needed. But, instead of providing hydrogen peroxide, Defendant provided chlorine bleach. As a licensed health care provider, Defendant knew that chlorine bleach is toxic to humans when inhaled, that chlorine reacts with water, including the water in the body, to form hydrochloric acid and hydrochlorous acid, and knew that both of these substances are extremely poisonous to humans.

24. Believing that the solution provided by Defendant was hydrogen peroxide, Plaintiff used the solution to clean the medical devices, inserted them into his trachea, inhaled and ingested chlorine bleach and, as the chlorine formed into an acid and began oxidizing lung tissue, he immediately experienced intense burning in his lungs.

25. Plaintiff was immediately transported to a Bakersfield hospital where he received emergency

5

COMPLAINT FOR DAMAGES - *Vaughn v. Teran*

treatment over four to five days to neutralize the acid destroying his lungs, to prevent further damage to his lungs, and to begin the recovery process.

26. Plaintiff was discharged back to Corcoran State Prison where, after several days of inappropriately being returned to general population, he was admitted to the Correctional Treatment Clinic in the prison. Plaintiff remained in the clinic for over three months while he received treatment for the lung damage.

27. Plaintiff is now housed at the California Heath Care Facility where he continues to receive daily breathing treatments and other medical services, and will for the rest of his life. Plaintiff will incur future medical expenses. Plaintiff's life expectancy has been shortened due to the injuries suffered as alleged herein.

28. Plaintiff's usual occupation is in construction operating heavy equipment in a dusty environment. Plaintiff alleges that he will no longer be able to work in his usual occupation after he is released and, therefore, will suffer a loss of income in the future.

## IV.

## GENERAL FACTUAL ALLEGATIONS

29. Plaintiff realleges and incorporates by reference all paragraphs above and below as if set forth fully herein.

30. CDCR is an agency of the State of California funded by the taxpayers of California. Corcoran State Prison is one of several facilities operated by CDCR.

31. This is a complaint for money damages brought in response to the acts and omissions that deny Plaintiff his civil rights, and in response to acts of Defendants in failing to carry out required duties in violation of, and in deliberate indifference to, the legal rights of Plaintiff that led to the loss of Plaintiff's health, security, and personal safety as set forth herein.

32. Defendants' actions were unreasonable and negligent.

33. Defendants are sued in their individual capacities on federal law causes of action.

34. Defendants are sued in their individual and official capacities on state law causes of

action.

35. Plaintiff demands a jury trial.

36. At all relevant times, Defendants, and each of them, knew about the risk of subjecting Plaintiff to inhaling chlorine.

37. All staff, including Defendants, involved in confining persons in jail must be cognizant of all available factors to be considered prior to acting in a way that poses a substantial risk of serious harm to those persons. Staff, including Defendants, must use correctional experience and training, correctional awareness, and a sense of correctional reasonableness to determine the right conditions of confinement to avoid substantial risks of serious harm.

V.

FIRST CAUSE OF ACTION

Violation of Civil Rights - Deliberate Indifference

42 U.S.C. §1983

As to Defendant TERAN

38. Plaintiff re-alleges and incorporates by reference all paragraphs above and below as if set forth fully herein.

39. When a prisoner in state custody is subjected to deprivatory governmental action, the prisoner has a due process liberty interest both in fair and unprejudicial decision making and in being treated with respect and dignity.

40. Defendant Teran knew about the condition of Plaintiff's trachea, she knew the reason he used medical devices to breathe, she knew why the devices needed to be cleaned, she knew that the proper solution for cleaning the devices was hydrogen peroxide, she knew that Plaintiff would breathe through the devices, she knew that inhaling chlorine would damage Plaintiff's lungs and could lead to death, and, in spite of her knowledge, was deliberately indifferent to the substantial risk of serious harm to Plaintiff when she failed to ensure that she provided the correct cleaning solution to Plaintiff.

41. Alternatively, Defendant Teran intentionally provided chlorine bleach to Plaintiff without regard to the obvious risk of harm by doing so.

42. Plaintiff had no choice but to rely on CDCR and Defendant to protect his health and safety.

43. During all relevant times, Defendant was acting under color of law by acting or purporting to act in the performance of official duties under state, county, or municipal law, ordinance, or regulation.

44. During all relevant times, Defendant knew that she had a duty to follow the law and protect persons in her custody and control against harm. Defendant knew that the Eighth Amendment to the United States Constitution guaranteed that human beings would not be subject to cruel and unusual punishment by state actors. The facts set forth herein demonstrate Defendant's reckless disregard for the rule of law and violation of Plaintiff's rights under the Eighth Amendment. None of Defendant's actions herein served any legitimate penological or law enforcement interest.

45. During all relevant times, individuals with supervisory responsibilities created the circumstances that led to Plaintiff's damages, and/or made, approved, allowed, recommended, or ratified the decisions made by Defendant as alleged herein.

46. Due to Defendant's deliberate indifference to Plaintiff's health and safety, Plaintiff actually suffered the harms alleged herein.

47. As a direct and proximate result of Defendant's deliberate indifference, Plaintiff suffered physical damage to his body and emotional pain, suffering, and loss of enjoyment of life. Plaintiff is informed and believes and thereon alleges that the injuries result in some permanent harm to him.

48. As a direct and proximate result of all of the Defendants' actions herein alleged, Plaintiff is entitled to an award of compensatory damages for injuries suffered in an amount according to proof at trial.

49. As a direct and proximate result of all of the Defendants' actions herein, Plaintiff has

suffered general damages in an amount according to proof at trial.

50. Because the actions taken by Defendant were undertaken with malice, fraud, and oppression, Plaintiff is entitled to recover punitive damages from those Defendants.

51. Plaintiff is entitled to recover his attorney's fees and costs of suit.

52. The full amount of the damages is not known to Plaintiff at this time. Plaintiff will move to amend this complaint to state such amount when the same becomes known to him, or on proof thereof at trial.

VI.

SECOND CAUSE OF ACTION

MEDICAL NEGLIGENCE

As To Defendant TERAN

53. Plaintiff realleges and incorporates by reference all paragraphs above and below as if set forth fully herein.

54. California law states, "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, . . ." (Civ. Code, § 1714, subd. (a).)

55. By committing the acts or omissions alleged herein, Defendant Teran failed to use the level of skill, knowledge, and care in treatment that other reasonably careful nurses and health care providers would use in the same or similar circumstances.

56. By committing the acts or omissions alleged herein, Defendant Teran did not use reasonable care toward Plaintiff in providing treatment, procedures, facilities, and supplies, reasonably necessary for the treatment of Plaintiff in compliance with their obligations to do so.

57. By committing the acts or omissions alleged herein, Defendant Teran knew or reasonably should have known it was likely that providing a chemical solution from an unlabeled container could lead to physical harm and failed to use reasonable care to prevent such harm.

58. By committing the acts or omissions alleged herein, Plaintiff suffered chemical burns and other harms to his lungs that required, and continue to require, medical treatment. The damage to Plaintiff's lungs is permanent.

59. As a direct and proximate cause of the breach of the duties identified, Plaintiff suffered, and continues to suffer, the physical and emotional injuries set forth herein.

60. Plaintiff requires medical treatment to repair the damage and will incur the cost of that treatment in the future.

61. As a direct and proximate cause of the breach of the duties identified, Plaintiff will suffer lost income and earning ability as set forth herein.

62. As a direct and proximate result of Defendants' acts or omissions alleged herein, Plaintiff is entitled to an award of compensatory damages for injuries suffered in an amount according to proof at trial.

63. As a direct and proximate result of Defendants' acts or omissions alleged herein, Plaintiff has suffered general damages in an amount according to proof at trial.

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. For judgment against Defendant for the sum of $5,000,000.00, interest and costs;
2. For compensatory damages, in an amount to be determined according to proof at trial;
3. For general damages according to proof;
4. For medical, hospital, and related expenses according to proof;
5. For future medical, hospital, and related expenses according to proof;
6. For past and future loss of income and loss of earning ability;
7. For costs of suit herein incurred;
8. For pre-judgment interest;

///

COMPLAINT FOR DAMAGES - *Vaughn v. Teran*

9. For reasonable attorney's fees according to proof;

10. For such other and further relief as the court may deem proper.

RESPECTFULLY SUBMITTED,

Signed at San Diego, CA this <u>*nineteenth day of July 2017*</u>

<u>/s/  Ken I. Karan, Esq.</u>
Ken I. Karan, Esq., Bar No. 204843
2907 Shelter Island Drive, Ste. 105-215
San Diego, CA 92106
(760) 420-5488
Fax (866) 841-5420
kkaran.law@gmail.com
*Attorney for Plaintiff Mark Vaughn*

11
COMPLAINT FOR DAMAGES - *Vaughn v. Teran*