UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. VAUGHN,<br><br>    Plaintiff,<br><br>    v.<br><br>TERAN,<br><br>    Defendant. | **CASE NO. 1:17-cv-00966-DAD-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY DAY DEADLINE** |

Plaintiff is a prisoner proceeding with counsel and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's complaint is before the Court for screening.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners proceeding *in forma pauperis* seeking relief against a governmental entity or an officer or employee of a

governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Service of Plaintiff's complaint may not occur unless and until the Court finds Plaintiff has stated a cognizable claim against one or more Defendants, at which point the Court will provide Plaintiff with the necessary documents he must complete for service.

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff is currently housed at the California Health Care Facility, however his claims arose while he was incarcerated at California State Prison—Corcoran in Corcoran, California. He sues a single Defendant, Nurse Teran, while seeking to reserve the right to amend his complaint to add additional Defendants once he becomes aware of their identities and capacities.

Plaintiff has undergone a tracheotomy and must use medical apparatus to breathe through a surgically created stoma. These devices must be cleaned with hydrogen peroxide on a routine basis. Prior to the events giving rise to this case, Plaintiff was authorized to possess cleaning supplies and clean the medical apparatus as needed. For reasons unknown, his authorization was rescinded and he had to go to the prison clinic every time the devices needed cleaning.

On August 5, 2015, Plaintiff went to the clinic for cleaning supplies. Defendant Teran gave Plaintiff chlorine bleach instead of hydrogen peroxide to clean his devices. Chlorine bleach is toxic to humans and, when mixed with water, forms extremely toxic hydrochloric acid and hydrochlorous acid. Plaintiff, believing he had received hydrogen peroxide, used the solution to clean the devices before inserting them into his trachea. On inhaling he immediately began to experience an intense burning in his lungs. He was rushed to a Bakersfield hospital where he received four to five days treatment to neutralize the acid in his lungs.

Plaintiff was discharged back to the prison, where he spent several days in the general population before being admitted to the Correctional Treatment Clinic in the prison, where he remained for more than three months. Plaintiff continues to date to receive daily breathing treatments and other medical services and will for the rest of his life. His life expectancy has been shortened and his future work prospects diminished. He alleges violations of the Eighth Amendment and negligence, and seeks money damages.

## IV. Discussion

### A. Eighth Amendment Medical Indifference

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary negligence. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

The second element of an Eighth Amendment claim is subjective deliberate indifference, which involves two parts. Lemire, 726 F.3d at 1078. Plaintiff must demonstrate first that the risk was obvious or provide other circumstantial evidence that

4

Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted).

Plaintiff's allegation that he inhaled chlorine bleach and suffered lung damage is sufficient to demonstrate a serious medical need. And while the allegations against Nurse Teran certainly seem to suggest negligence on the part of that Defendant, they do not reflect the deliberate indifference necessary to meet the much more stringent prerequisites to asserting a federal law violation. Plaintiff alleges Defendant either failed to ensure she gave Plaintiff the proper solution or intentionally gave him a caustic bleach solution. Absent some factual basis for alleging Defendant's actions were intentional or deliberately indifferent, Plaintiff's pleading reflects pure speculation that they were anything other than simple carelessness or negligence. "'[I]ndifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Plaintiff's medical indifference claim against Defendant Teran will be dismissed with leave to amend to allege such facts, if any, as might support a claim that she acted intentionally to harm Plaintiff or with deliberate indifference to the risk she would do so.

### B. Negligence

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). Under California law, "'[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)).

In a negligence action the plaintiff must show the defendant's act or omission (breach of duty) was a cause of the plaintiff's injury. Jackson v. Ryder Truck Rental, Inc., 16 Cal. App. 4th 1830, 1846 (1993). The element of causation generally consists of two components. Id. at 1847. The plaintiff must show (1) the defendant's act or omission was a cause in fact of the plaintiff's injury, and (2) the defendant should be held responsible for negligently causing the plaintiff's injury. Id. The second component is a normative or evaluative one that asks whether the defendant should owe the plaintiff a legal duty of reasonable care under the circumstances of the case.

Here, it is alleged that Defendant Teran was put in a position of distributing to Plaintiff materials to be used in cleaning a medical device which was to be inserted into an opening in Plaintiff's throat to enable him to breath. As such, Defendant owed Plaintiff a duty of due care and breached that duty by mistakenly giving him a caustic bleach solution which caused him pain and continuing impairment. However, Plaintiff has not yet pled a cognizable federal claim. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c). "[Once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." ACI v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Plaintiff's negligence claim will be dismissed, subject to being pursued in an amended complaint which gives rise to a viable federal claim.

**D.     California State Tort Claim**

If Plaintiff does properly plead a federal claim and wants to pursue a companion state law claim, he also must show compliance with California's Tort Claims Act.

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board ("the Board"), formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Govt. Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Super. Ct. of Kings Cty. (Bodde), 90 P.3d 116, 124 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Super. Ct., 90 P.3d at 124; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). An action must be commenced within six months after the claim is acted upon or is deemed to be rejected. Cal. Govt. Code § 945.6; Moore v. Twomey, 16 Cal. Rptr. 3d 163 (Cal. Ct. App. 2004).

At this juncture, while, as noted, it appears Plaintiff's allegations adequately plead negligence, Plaintiff has not alleged a federal claim. Absent a federal claim the Court is unlikely to exercise jurisdiction over state claims.

**E. Doe Defendants**

According to Plaintiff:

"The names of other officers, managing agents, contractors, health care providers, staff, correctional officers, and other personnel involved in the events out of which this complaint arises, and those officers, staff and personnel responsible for supervision, training, and determination of policy whose acts or omissions were material to the injuries complained of herein, are at this time unknown to Plaintiff. Plaintiff will amend the complaint to allege the true names and capacities when ascertained."

(Compl. (ECF No. 1) ¶ 16.) It thus appears Plaintiff wishes to sue Doe Defendants.

Generally, the use of Doe Defendants is disfavored in federal court. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). The Court cannot order the Marshal to serve process on any Doe Defendants until such Defendants have been identified. See, e.g., Castaneda v.

Foston, No. 1:12-cv-00026 WL 4816216, at *3 (E.D. Cal. Sept. 6, 2013). Plaintiff may, under certain circumstances, be given the opportunity to identify unknown Defendants through discovery prior to service. Id. (plaintiff must be afforded an opportunity to identify unknown defendants through discovery unless it is clear that discovery would not uncover their identities). However, in order to proceed to discovery, Plaintiff must first state a cognizable claim. Additionally, Plaintiff must distinguish between Doe Defendants by, for example, referring to them as "John Doe 2," "John Doe 3," and so on, and describe what each did or failed to do to violate Plaintiff's rights. See Ingram v. Brewer, No. 1:07-cv-00176-OWW-DLB, 2009 WL 89189 (E.D. Cal. January 12, 2009) ("In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.").

At present, Plaintiff's attributes to the Doe Defendants, generally, broad error, such as rescinding his authorization to possess cleaning materials and placing him in the general population yard after his return from the hospital. He does not, however, allege a constitutional or actionable violation and or link any specific wrong to any specific person or persons. While Plaintiff may not know the identities of every individual responsible for these decisions, he may at least describe them in general terms (such as by their positions or duties within the prison) and thus establish a starting point for discovery. He should do so in his amended complaint.

**V.    Conclusion**

Plaintiff's complaint fails to state a cognizable claim. Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507

F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The complaint is DISMISSED with leave to amend;
2. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed July 19, 2017;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. File a notice of voluntary dismissal; and
4. If Plaintiff fails to comply with this order, the Court will recommend this action be dismissed for failure to state a claim and failure to obey a court order.

IT IS SO ORDERED.

Dated: September 26, 2017        /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

9