1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARK A. VAUGHN,                        No.  1:17-cv-00966-DAD-BAK (HBK)

12               Plaintiff,

13        v.                                 FINAL PRETRIAL ORDER

14    ERICA M. DURAN,

15               Defendants.

16    _____

17        On December 6, 2021, the court conducted a final pretrial conference in this case.

18    Attorney Ken Karan appeared as counsel for plaintiff; Deputy Attorney General Matthew Ronan

19    appeared as counsel for defendant.  Having considered the parties' objections, the court now

20    issues this final pretrial order.

21        In this civil rights action, plaintiff, a former inmate at California State Prison, Corcoran

22    ("CSP"), asserts a state law claim of negligence and a 42 U.S.C. § 1983 claim for deliberate

23    indifference to his serious medical needs against defendant Erica Duran,[1] a nurse at CSP who

24    dispensed the wrong cleaning solution to plaintiff for him to self-clean his tracheostomy

25    _____

26    [1]  As the court noted in its order denying defendant's motion for summary judgment, the docket
      and the filings submitted by both parties refer to defendant by the names Teran or Duran.  (Doc.
27    No. 45 at 1 , n.1.)  Defendant's surname was Teran at the time of the incident giving rise to this
      action, but her name has since changed to Duran.  (*Id.*)  The court will refer to defendant by her
28    current surname, Duran.

(dispensing a chlorine bleach solution, rather than hydrogen peroxide), leading to burning and requiring medical treatment.

I.     <u>JURISDICTION/VENUE</u>

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1343(a)(3), 1367.  Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).  Venue is not contested.

II.     <u>JURY</u>

Both parties have demanded a jury trial.  The jury will consist of eight jurors.

III.     <u>UNDISPUTED FACTS</u>

1.     Plaintiff Mark Vaughn is a citizen of the United States and, at all relevant times, was a ward of the state and a resident of the California State Prison - Corcoran on August 5, 2015.

2.     Mr. Vaughn was in the custody of the California Department of Corrections and Rehabilitation ("CDCR") from 2010 until 2018.

3.     Mr. Vaughn is 52 years old in 2021.

4.     Defendant Erica Teran was, at all relevant times, including August 5, 2015, a licensed vocational nurse ("LVN").

5.     Defendant Erica Teran was, at all relevant times, employed by CDCR as an LVN.

6.     In July 2015, CDCR assigned Defendant Erica Teran the responsibility to provide medical supplies to Mr. Vaughn and to supervise their use.  The medical order required supplying hydrogen peroxide to clean the device through which he breathed.

7.     In 2017, defendant Erica Teran married and changed her last name to "Duran," and the parties in this action refer to defendant as "Nurse Duran."

8.     In 2000, Mr. Vaughn was hospitalized after a car crash.  The hospital treatment resulted in damage to Mr. Vaughn's trachea by prolonged use of a ventilator while he was in a coma.  Since then, Mr. Vaughn has been required to breathe with a tracheostomy.  The injuries from the car crash did not include lung damage.

9.     On August 5, 2015, Nurse Duran carried out her assignment and provided medical supplies to Mr. Vaughn to maintain his tracheostomy.  Among the medical supplies provided by

2

Nurse Duran on this day was a bottle of cleaning solution labeled "Dakin's Solution."  Nurse Duran believed the solution was hydrogen peroxide and presented the product to Mr. Vaughn as if it was hydrogen peroxide.

10. The active ingredient in Dakin's Solution is chlorine bleach and it is not to be taken internally.

11. While Nurse Duran supervised, Mr. Vaughn used the Dakin's Solution believing it to be hydrogen peroxide.  He cleaned his tracheostomy with Dakin's Solution, and inserted it into his stoma.

12. Mr. Vaughn immediately felt the effects of inhaling chlorine bleach, including a feeling of burning in his lungs.

13. CDCR officials immediately, on an emergency basis, transported Mr. Vaughn to a community hospital, Mercy Hospital in Bakersfield.

14. Mr. Vaughn received medical treatment in the hospital over the course of three days.

15. After his release from the hospital, CDCR returned Mr. Vaughn to his original housing assignment in general population.

16. CDCR released Mr. Vaughn from custody in December 2018.

IV.     DISPUTED FACTUAL ISSUES

1. Whether Mr. Vaughn had asthma prior to being exposed to chlorine on August 5, 2015.

2. Whether Mr. Vaughn developed pulmonary disease as the result of the chlorine exposure.

3. Whether CSP nurses demanded in August 2015 that Mr. Vaughn be transferred to an inpatient bed for their own convenience.

4. Whether CDCR ordered inpatient treatment at CSP in 2015 for three months to treat the effects of chlorine exposure.

5. Whether Nurse Duran intentionally exposed Mr. Vaughn to the risk of lung damage.

6.      Whether Nurse Duran was deliberately indifferent to the substantial risk of serious harm to his lungs when she exposed Mr. Vaughn to chlorine.

7.      Whether CDCR continued to provide medical treatment for Mr. Vaughn's lung damage after August 9, 2015.

8.      Whether Mr. Vaughn is disabled by exposure to chlorine.

9.      Whether Mr. Vaughn is employable given his disability.

10.    The frequency and level of future medical care.

11.    Lost past and future earnings.

## V.   DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties are not aware of any disputed evidentiary issues at this time.

The parties have not yet filed any motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

## VI.   SPECIAL FACTUAL INFORMATION

Pursuant to Local Rule 281(b)(6), the following special factual information pertains to this action:

Plaintiff alleges causes of action pursuant to 42 U.S.C. § 1983, for deliberate indifference to medical needs, and for professional negligence against defendant Nurse Duran regarding his medical care while he was incarcerated by the California Department of Corrections and Rehabilitation. In August of 2015, plaintiff Mark Vaughn was incarcerated at California State Prison – Corcoran. Plaintiff has a medical condition that requires him to breathe through a stoma in his trachea. He was regularly given hydrogen peroxide by medical staff for the continuous cleaning of the stoma.

/////

4

On August 5, 2015, plaintiff presented to the clinic, and requested the supplies to clean his stoma.  Defendant Nurse Duran was assigned to carry out physician's orders to dispense supplies, supervise their use, and recover the supplies.

Defendant Nurse Duran unintentionally gave plaintiff "Dakin's" solution instead of hydrogen peroxide.  Dakin's solution and hydrogen peroxide were stored right next to each other in containers that were nearly identical.  Defendant Nurse Duran failed to read the label before providing Plaintiff with Dakin's Solution.

Plaintiff is currently 52 years old.  He was 46 years old at the time of the treatment at issue.

VII.   RELIEF SOUGHT

1.      Plaintiff seeks monetary damages in the following amounts:

    i.   Past Medical Expenses: $1,320,000 (approx.  Balance increases daily.)

    ii.  Future Medical Expenses of $100,000/year.

    iii. Lost earnings due to total disability $1,099,261.00.

    iv.  General damages to be determined.

    v.   Financial obligations for basic living expenses due to disability to be determined, approximately $70,000.

2.      Defendant disputes the causation and amounts of all of the alleged damages.

VIII.   POINTS OF LAW

The claims and defenses arise under both federal and state law.  All of plaintiff's claims are brought against the defendant Erica Duran (referred to by the parties as "Nurse Duran").

1.      The elements of, standards for, and burden of proof in a professional negligence claim under California state law.

2.      The elements of, standards for, and burden of proof in a § 1983 claim for deliberate indifference to serious medical needs.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

/////

5

1    ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY

2    ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT

3    BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.

4    IX.    ABANDONED ISSUES

5    None.

6    X.     WITNESSES

7    Plaintiff's witnesses shall be those listed in **Attachment A**.  Defendant's witnesses shall

8    be those listed in **Attachment B**.  Each party may call any witnesses designated by the other.

9    A.    **The court does not allow undisclosed witnesses to be called for any purpose,**

10   **including impeachment or rebuttal, unless they meet the following criteria:**

11   (1)    The party offering the witness demonstrates that the witness is for the

12   purpose of rebutting evidence that could not be reasonably anticipated at

13   the pretrial conference, or

14   (2)    The witness was discovered after the pretrial conference and the proffering

15   party makes the showing required in paragraph B, below.

16   B.    Upon the post pretrial discovery of any witness a party wishes to present at trial,

17   the party shall promptly inform the court and opposing parties of the existence of

18   the unlisted witnesses by filing a notice on the docket so the court may consider

19   whether the witnesses shall be permitted to testify at trial.  The witnesses will not

20   be permitted unless:

21   (1)    The witness could not reasonably have been discovered prior to the

22   discovery cutoff;

23   (2)    The court and opposing parties were promptly notified upon discovery of

24   the witness;

25   (3)    If time permitted, the party proffered the witness for deposition; and

26   (4)    If time did not permit, a reasonable summary of the witness's testimony

27   was provided to opposing parties.

28   /////

XI.   <u>EXHIBITS, SCHEDULES, AND SUMMARIES</u>

Joint exhibits are listed in **Attachment C**.  Plaintiff's exhibits are listed in **Attachment D**.  Defendant's exhibits are listed in **Attachment E**.  No exhibit shall be marked with or entered into evidence under multiple exhibit numbers.  All exhibits must be pre-marked as discussed below.  At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.  Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.  The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to exhibits are due no later than **14 days before trial**.  The final exhibits are due **the Thursday before trial date.**  In making any objection to an exhibit, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria**

A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

    (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

    (1)    The exhibits could not reasonably have been discovered earlier;

/////

(2)    The court and the opposing parties were promptly informed of their existence;

(3)    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

XII.   **DISCOVERY DOCUMENTS**

Although the parties indicated in their joint pretrial statement that they were not aware of discovery to be offered at trial beyond its use for impeachment, at that time, plaintiff has since listed discovery documents on his updated exhibit list.  (Doc. No. 73 at 8.)

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiff has indicated the intent to use the following discovery documents at trial:

1.    Defendant's responses to requests for admissions

2.    Defendant's Responses to Interrogatories

3.    Deposition transcripts of the following witnesses, who were deposed in this case:

    i.  Defendant Erica Duran

    ii.  Jeffrey Wang

    iii.  Laura Jean Schaper

    iv.  Stewart A. Lonky, M.D.

XIII.   **FURTHER DISCOVERY OR MOTIONS**

None.

XIV.   **STIPULATIONS**

None.

XV.   **AMENDMENTS/DISMISSALS**

None.

/////

/////

8

XVI.   SETTLEMENT

The case proceeded to a settlement conference before Magistrate Judge Jennifer L. Thurston.  No settlement agreement could be reached.  No further court supervised settlement conference will be scheduled unless both parties indicate that a further settlement conference may be productive.

XVII.   JOINT STATEMENT OF THE CASE

The parties have agreed to the following joint statement of the case:

> This is a lawsuit brought by Plaintiff Mark Vaughn to recover damages from Defendant Erica Duran for negligence and for violation of the Eighth Amendment to the United States Constitution for cruel and unusual punishment.

> Mr. Vaughn is dependent on a tracheostomy due to a motor vehicle crash in 2000.  On August 5, 2015, Ms. Duran, a licensed vocational nurse and full-time employee of the California Department of Corrections and Rehabilitation, dispensed the wrong cleaning solution for Mr. Vaughn to self-clean his tracheostomy.  Ms. Duran provided a chlorine bleach solution instead of hydrogen peroxide.  Ms. Duran stated that she failed to read the label on the container before dispensing the chlorine bleach.

> Mr. Vaughn claims that the exposure to chlorine bleach caused him to develop a complicated condition of reactive airway dysfunction syndrome, asthma, and chronic obstructive pulmonary disorder.  Mr. Vaughn seeks to recover the cost of past and future medical care, past and future loss of earning capacity, and to be compensated for his loss of enjoyment of life.

> Ms. Duran claims that Mr. Vaughn had previous history of lung conditions prior to the bleach exposure on August 5, 2015.  Ms. Duran admits that Mr. Vaughn's exposure to chlorine bleach solution caused a brief episode of acute tracheitis.  However, Ms. Duran claims that Mr. Vaughn returned to his pre-exposure status in less than one week.

XVIII. SEPARATE TRIAL OF ISSUES

None.

XIX.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

/////

/////

/////

1   XX.   ATTORNEYS' FEES

2          Plaintiff seeks to recover attorney's fees as the prevailing party on post-trial motion.  A

3   motion for award of attorney's fees to prevailing parties pursuant to statute will be filed not later

4   than twenty-eight days after entry of final judgment.

5   XXI.   TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

6          None.

7   XXII.   MISCELLANEOUS

8          None.

9   XXIII.   ESTIMATED TIME OF TRIAL/TRIAL DATE

10         Jury trial is set for **August 9, 2022** at 8:30 a.m. in Courtroom 5, at this time before the

11   Honorable Dale A. Drozd.  Trial is anticipated to last between 5–9 court days.[2]  The parties are

12   directed to Judge Drozd's standard procedures available on his webpage on the court's website.

13         Counsel are directed to call Mamie Hernandez, courtroom deputy, at (559) 499-5652, one

14   week prior to trial to ascertain the status of the trial date.

15   XXIV.   PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

16         The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be

17   limited to fifteen minutes of supplemental jury *voir dire*.

18         The court directs counsel to meet and confer in an attempt to generate a joint set of jury

19   instructions and verdicts.  The parties shall file any such joint set of instructions **14 days before**

20   **trial**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to

21   agree on all or some instructions and verdicts, their respective proposed instructions are due **14**

22   **days before trial**.

23         Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed

24   or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before**

25   **trial**; all blanks in form instructions should be completed and all brackets removed.

26   _____

27   [2]  Counsel are advised that the court intends to set aside eight court days for this trial and will
     expect counsel to make their best efforts to complete their presentations so that the matter is
28   submitted to the jury for decision within that time frame.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV.  <u>TRIAL BRIEFS</u>

As noted above, trial briefs are due **7 days before trial**.

IT IS SO ORDERED.

Dated:   **June 15, 2022**                                    _____

UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Plaintiff's Witness List

| 1. | Mark Vaughn, c/o Law Office of Ken I. Karan, 2907 Shelter Island Drive, Ste. 105-215, San Diego, CA 92106. | Liability, causation, damages including knowledge of Defendant's treatment of him, medical history, extent of damages. |
|---|---|---|
| 2. | Erica Duran (Defendant Teran), c/o Attorney General's Office. | Liability, causation, damages, procedures for medical treatment by CDCR, deliberate indifference. |
| 3. | CDCR PMK for Utilization Management, c/o CDCR | Policies and procedures for obtaining inmate medical services; and the medical services provided to Plaintiff. |
| 4. | CDCR PMK Cheryl Schaper, c/o CDCR | Policies and procedures for obtaining inmate medical services; CDCR nursing standard of care; and medical services provided to Plaintiff. |
| 5. | CDCR Custodian of Records, c/o CDCR | Records requested and produced. |
| 6. | Bear Alignment and Brake 927 W 6th Street Corona, CA 92882 951-737-8820 | Employment during 2000-2002. |
| 7. | Peck Road Gravel Pit P.O. BOX 1286 Monrovia, CA 91017 626-574-1855 | Employment during 1995-97. |
| 8. | Moreno Valley Engine Exchange 12578 Heacock St. Moreno Valley CA, 92553 951-242-5252 | Employment |
| 9. | Chris Lucero 14770 Foothill Blvd Fontana, CA, 92335 909-609-1136 | Pre-exposure condition/damages. |
| 10. | Frank Vaughn 2 Third Avenue Underwood, IA 51576 712-310-1250 | Past employment and future employment prospects. |

| 11. | LR Collier, Jr.<br>6619 Lassen Court<br>Riverside, CA 92506<br>909-229-2851 | Pre-exposure condition/damages. |
|---|---|---|
| 12. | Julio Torres<br>4528 Agate Street<br>Riverside, CA 92505<br>951-712-4841 | Pre-exposure condition/damages. |
| 13. | Brenda Vaughn<br>104 E. South Street<br>Exira, IA 50076<br>712-304-3788 | Pre-exposure condition/damages. |
| 14. | Donald Cunningham<br>6370 Alton St<br>Jurupa Valley, CA 92509<br>951-732-2940 | Pre-exposure condition/damages. |
| 15. | Georgia Studley<br>14770 Foothill Blvd<br>Fontana, CA, 92335<br>213-528-2775 | Pre-exposure condition/damages. |
| 16. | Cheri Foster<br>8725 Sleepy Hollow Lane<br>Phelan, CA 92371<br>951 522-0492 | Pre-exposure condition/damages. |
| 17. | Chris Foster<br>8725 Sleepy Hollow Lane<br>Phelan, CA 92371<br>951 522-0492 | Pre-exposure condition/damages. |
| 18. | Nick Vaughn<br>464 Valencia Ct<br>San Jacinto, CA 92582 | Pre-exposure condition/damages. |
| 19. | Stephanie Gallagher | Pre-exposure condition/damages. |
| 20. | Debbie Gallagher | Pre-exposure condition/damages. |

| | RETAINED EXPERTS | |
|---|---|---|
| 21. | Christian Sandrock, MD, MPH, FCCP<br>Assistant Professor of Medicine<br>Division of Pulmonary and Critical Care<br>Division of Infectious Diseases<br>4150 V Street PSSB#3400<br>Sacramento Ca. 95817 | Standard of care, liability, causation, damages, future medical care, reasonable value of past and future medical care. |
| 22. | Roderick C. Stoneburner, M.S., CRC<br>Vocational Evaluation & Rehabilitation<br>23905 Clinton Keith Rd. #114-509<br>Wildomar, CA 92595<br>(951) 775-8811 | Unemployability and loss of income damages. |
| | NON-RETAINED EXPERTS | |
| 23. | MOHSEN N. SHALABY, M.D., B.C. Int. Med., B.C. Infectious Disease<br>Clinicas de Salud<br>1023 E. Florida Ave<br>Hemet, CA 92543<br>Tel: 951-599-8403 | Non-retained expert, current and past medical condition. |
| 24. | NEELAM GUPTA, M.D.<br>341 E. Main Street 101<br>San Jacinto, 92583<br>951-654-5590 | Non-retained expert, current and past medical condition. |
| 25. | MUSHTAQ AHMED, M.D.,<br> Mercy Hospital Bakersfield,<br> 2215 Truxtun Avenue, Bakersfield, California 93301. | Non-retained expert, past medical condition and treatment. |
| 26. | DEEPAK SHRIVASTAVA, M.D.,<br>San Joaquin General Hospital,<br>500 W. Hospital Road,<br>French Camp, CA. | Non-retained expert, past medical condition and treatment. |
| 27. | SIMRANJIT KAUR, M.D., San Joaquin General Hospital,<br>500 W. Hospital Road,<br>French Camp, CA. | Non-retained expert, past medical condition and treatment. |
| 28. | RAMESH N. DHARAWAT, M.D.,<br>San Joaquin General Hospital, 500 W. Hospital Road, French Camp, CA. | Non-retained expert, past medical condition and treatment. |

14

| 29. | ALEXANDER IEROKOMOS, M.D., San Joaquin General Hospital, 500 W. Hospital Road, French Camp, CA. | Non-retained expert, past medical condition and treatment. |
| 30. | AMEET K. GREWAL, M.D., San Joaquin General Hospital, 500 W. Hospital Road, French Camp, CA. | Non-retained expert, past medical condition and treatment. |
| 31. | NIV DECALO, M.D., radiologist, San Joaquin General Hospital, 500 W. Hospital Road, French Camp, CA. | Non-retained expert, past medical condition and treatment. |
| 32. | MURALIKRISHNA GOLCHONDA, M.D., San Joaquin General Hospital, 500 W. Hospital Road, French Camp, CA. | Non-retained expert, past medical condition and treatment. |
| 33. | RANDALL OW, M.D., San Joaquin General Hospital, 500 W. Hospital Road, French Camp, CA. | Non-retained expert, past medical condition and treatment. |
| 34. | AMEET GREWAL, M.D., San Joaquin General Hospital, 500 W. Hospital Road, French Camp, CA. | Non-retained expert, past medical condition and treatment. |
| 35. | JEFFERY WANG, M.D., c/o CDCR | Medical condition and treatment. |
| 36. | NNENNA IKEGBU, M.D., c/o CDCR | Medical condition and treatment. |
| 37. | MICHAEL SAYRE, M.D., c/o CDCR | Medical condition and treatment. |
| 38. | CHERYL MALO-CLINES, FNP, c/o CDCR | Medical condition and treatment. |
| 39. | L. KYZYSIAK, M.D., c/o CDCR | Medical condition and treatment. |
| 40. | Custodian(s) of Records | Plaintiff's central file and medical records from CDCR. |
| 41. | Custodian(s) of Records | CDCR billing records. |
| 42. | Custodian(s) of Records | As required to authenticate community medical and billing records. |

**ATTACHMENT B**

Defendant's Witness List

1.  Plaintiff Mark Vaughn.

2.  Defendant Nurse E. Duran, Licensed Vocational Nurse, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814.

3.  Jeffrey Wang, M.D.; c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814.

4.  Edgar Clark, M.D., c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814.

5.  Chinyere Nyenke, M.D., c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814.

6.  Julie Velikkettel, RN, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814.

7.  Jennifer French, RCP, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814.

8.  Tobie Boccia, RCP, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814.

9.  Mushtaq Ahmed, M.D., Mercy Hospital Bakersfield, 2215 Truxtun Avenue, Bakersfield, CA 93301.

10. Stewart Lonky, M.D., Medical Expert Witness, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814.

11. Custodian(s) of Records for Plaintiff's central file and medical records from CDCR

**ATTACHMENT C**

Joint Exhibits List

| | |
|---|---|
| JX-1 | Images of containers of hydrogen peroxide and Dakin's solution. |
| JX-2 | Mercy Hospital Bakersfield Inmate History and Physical 08-05-15. |
| JX-3 | Mercy Hospital Bakersfield Ahmed Progress Note 08-06-15. |
| JX-4 | Mercy Hospital Bakersfield Inmate Discharge Summary dated 08-07- 2015. |
| JX-5 | XR Chest 12-13-16 (Mercy). |
| JX-6 | Wang Medical Progress Note dated 08-13-2015. |
| JX-7 | Clinicas de Salud Note prepared by Dr. Shalaby dated 01-21-2019. |
| JX-8 | Clinicas de Salud Note prepared by Dr. Shalaby dated 02-04-2019. |
| JX-9 | Parkview ER Report 03-30-19. |
| JX-10 | Parkview ER Report 06-17-19 |
| JX-11 | Parkview ER Report 12-04-19. |

**ATTACHMENT D**

Plaintiff's Exhibits List

| | |
|---|---|
| 1 | CCHCS/CDCR Tracheostomy cleaning order 07-23-15. |
| 2 | CCHCS/CDCR Progress Note 08-05-15. |
| 3 | CCHCS/CDCR TTA records of exposure 08-05-15. |
| 4 | CCHCS/CDCR TTA Progress Note re exposure 08-05-15. |
| 5 | CCHCS/CDCR Treatment Records 08-11-2015 |
| 6 | CCHCS/CDCR Treatment Records 08-12 to 13-2015. |
| 7 | CCHCS/CDCR Admission Order, History and Physical 08-18-15. |
| 8 | CCHCS/CDCR Discharge Instructions 11-25-15. |
| 9 | [Renumbered.] |
| 10 | CCHCS/CDCR Consult 01-11-16. |
| 11 | CCHCS/CDCR Progress Note 01-11-16. |
| 12 | CCHCS/CDCR Request for Services 02-01-16. |
| 13 | CCHCS/CDCR Request for Services 03-07-16. |
| 14 | CCHCS/CDCR Request for Services 03-11-16. |
| 15 | CCHCS/CDCR Request for Services 03-13-16. |
| 16 | CCHCS/CDCR Request for Services 03-20-16. |
| 17 | CCHCS/CDCR  Education  03-30-16. |
| 18 | CCHCS/CDCR Request for Services 04-06-16. |
| 19 | CCHCS/CDCR Physician Order 04-21-16. |
| 20 | CCHCS/CDCR Request for Services 06-07-16. |
| 21 | CCHCS/CDCR Progress Note 06-09-16. |
| 22 | CCHCS/CDCR Progress Note 06-29-16. |
| 23 | CCHCS/CDCR Progress Note 07-28-16. |
| 24 | CCHCS/CDCR Admission Record 10-20-16. |
| 25 | CCHCS/CDCR History and Physical 10-21-16. |
| 26 | CCHCS/CDCR Health Care Transfer Information 10-27-16. |

| 27 | CCHCS/CDCR  Admission  12-14-16. |
| 28 | CCHCS/CDCR History and Physical 12- 15-16. |
| 29 | CCHCS/CDCR Admission Record 12-19-16. |
| 30 | CCHCS/CDCR Progress Note 04-11-17. |
| 31 | CCHCS/CDCR Discharge Record 04-12-17. |
| 32 | CCHCS/CDCR Admission Record 04-12-17. |
| 33 | CCHCS/CDCR Physician's Order 04-13-17. |
| 34 | CCHCS/CDCR Physician's Order 05-15-17. |
| 35 | CCHCS/CDCR Request for Services 05-29-17. |
| 36 | CCHCS/CDCR Transthoracic Echocardiogram 06-09-17. |
| 37 | CCHCS/CDCR Chest X-ray Report 06-26-17. |
| 38 | CCHCS/CDCR Respiratory Record 07-11-17. |
| 39 | CCHCS/CDCR Progress Note 07-21-17. |
| 40 | CCHCS/CDCR Medication Compliance Records 2017. |
| 41 | CCHCS/CDCR Respiratory Record 08-05-17. |
| 42 | CCHCS/CDCR Pulmonary Exam 08-07-17. |
| 43 | CCHCS/CDCR ED Documentation 08-22-17. |
| 44 | CCHCS/CDCR Bronchoscopy Record 08-23-17. |
| 45 | CCHCS/CDCR Pulmonary Exam 10-02-17. |
| 46 | CCHCS/CDCR Trust Account Statement 11-09-17. |
| 47 | CCHCS/CDCR Active Orders 11-27-18. |
| 48 | CCHCS/CDCR Issuing O2 Gen on Parole 12-10-18. |
| 49 | CCHCS/CDCR Treatments Forms 12-10-18. |
| 50 | CCHCS/CDCR Patient Summary 12-11-18. |
| 51 | [Moved to Joint Exhibit List: Shalaby Progress Note 01-21-19.] |
| 52 | [Moved to Joint Exhibit List: Shalaby Progress Note 02-14-19.] |
| 53 | Shalaby Progress Note 03-08-19. |

| 54 | Gupta Exam 04-11-19. |
|---|---|
| 55 | Shalaby CT Chest Scan 04-19-19. |
| 56 | Shalaby Progress Note 04-19-19. |
| 57 | Shalaby Progress Note 03-06-20. |
| 58 | Shalaby Progress Note 03-10-20. |
| 59 | Shalaby Progress Note 09-23-20. |
| 60 | Shalaby Progress Note 02-18-21. |
| 61 | Shalaby Progress Note 02–19-21. |
| 62 | Shalaby Progress Note 03-22-21. |
| 63 | Parkview Hospital Progress Notes 05-28-19. |
| 64 | Parkview Hospital Progress Notes 06-02-19. |
| 65 | Parkview Hospital Progress Notes 06-22-19. |
| 66 | Parkview Hospital Progress Notes 07-24-19. |
| 67 | Parkview Hospital Progress Notes 09-17-19. |
| 68 | Riverside Community Hospital Progress Notes 10-01-19. |
| 69 | Parkview Hospital Progress Notes 10-04-19. |
| 70 | Parkview Hospital Progress Notes 10-05-19. |
| 71 | Parkview Hospital Progress Notes 10-15-19. |
| 72 | Parkview Hospital Progress Notes 11-26-19. |
| 73 | Parkview Hospital Progress Notes 06-10-20. |
| | **2011 to 2015 Records:** |
| 74 | CCHCS/CDCR Physician's Orders 03-16-11. |
| 75 | CCHCS/CDCR  Assessment  03-16-11 |
| 76 | CCHCS/CDCR Physician Exam 04-14-11 |
| 77 | CCHCS/CDCR Request for Services 03-18-12 |
| 78 | CCHCS/CDCR Physician Exam 03-29-12. |
| 79 | CCHCS/CDCR  Esophagogram  04-24-12. |

| 80 | CCHCS/CDCR Progress Note 05-23-12. |
| 81 | CCHCS/CDCR Progress Note 05-23-12. |
| 82 | CCHCS/CDCR  Assessment  05-23-12. |
| 83 | CCHCS/CDCR Progress Note 06-22-12. |
| 84 | CCHCS/CDCR Chart Note 07-18-13. |
| 85 | CCHCS/CDCR Encounter Record 08-05-13. |
| 86 | CCHCS/CDCR  Bronchoscopy  09-18-13. |
| 87 | CCHCS/CDCR Request for Services 10-12-13. |
| 88 | CCHCS/CDCR CT Scan 10-21-13. |
| 89 | CCHCS/CDCR Medical Classification Chrono 10-22-13. |
| 90 | CCHCS/CDCR History and Physical 10-24-13. |
| 91 | CCHCS/CDCR  Assessment  11-21-13. |
| 92 | CCHCS/CDCR Progress Notes November- December 2013. |
| 93 | CCHCS/CDCR  Consultation  12-04-13. |
| 94 | [Withdrawn.] |
| 95 | CCHCS/CDCR Request for Services 12-10-13. |
| 96 | CCHCS/CDCR Assessments Jan-Feb 2014. |
| 97 | [Withdrawn.] |
| 98 | CCHCS/CDCR History and Physical 02-27-14. |
| 99 | CCHCS/CDCR Medical Classification Chronos 2014. |
| 100 | CCHCS/CDCR ENT Consult 03-12-14. |
| 101 | CCHCS/CDCR Request for Services 12-07-14. |
| 102 | CCHCS/CDCR Request for Services 12-09-14. |
| 103 | CCHCS/CDCR CT Scan 04-08-15. |
| 104 | CCHCS/CDCR Health Care Screening 07-01-15. |
| 105 | CCHCS/CDCR Consult 07-20-15. |
| 106 | CCHCS/CDCR Medication Reconciliations 2011 to 2018. |

| 107 | CCHCS/CDCR Medication Administration 2011 to 2018. |
| 108 | CCHCS/CDCR Medical Services Billing Records. |
| 109 | Medical Services Billing Records. |
| 110 | Inmate Medical Services Policies and Procedures:<br>Vol. IV, Ch. 11, 4.32.1 and 4.35.3.<br>Vol. IV, Ch. 29, 4.29.2.<br>Vol. V, Ch. 18, 5.4.1, 5.4.2, and 5.17.2. |
| 111 | CCHCS/CDCR Medical Classification Chrono 11-28-12. |
| 112 | CCHCS/CDCR Medical Classification Chrono 08-13-15. |
| 113 | CCHCS/CDCR Medical Classification Chrono 08-18-15. |
| 114 | Damages Calculations. |
| 115 | Book: Invisible Killers. |
| 116 | Demonstrative Exhibit - Respiratory System Cutaway |
| 117 | Demonstrative Exhibit - Trachea Anatomy. |
| 118 | Demonstrative Exhibit - Subglottic Stenosis Relevant Anatomy. |
| 119 | Demonstrative Exhibit - Larynx. |
| 120 | Demonstrative Exhibits - Glottic Stenosis - Etiology of Injury. |
| 121 | Demonstrative Exhibit - Reactive Airway Disease Syndrome. |
| 122 | Demonstrative Exhibit - Trach Mask. |
| 123 | CCHCS/CDCR Progress Note 04-26-12. |
| 124 | CCHCS/CDCR Progress Note 05-24-12. |
| 125 | Custodian of Records Declarations. |
| 126 | Defendant's Responses to Requests for Admissions. |
| 127 | Defendant's Responses to Interrogatories. |
| 128 | Deposition Transcripts - Erica Duran. |
| 129 | Deposition Transcripts - Jeffrey Wang. |
| 130 | Deposition Transcripts - Laura Jean Schaper. |
| 131 | Deposition Transcripts - Stewart A. Lonky, M.D. |
| 132 | Undisputed Facts. |

**ATTACHMENT E**

Defendant's Exhibits List

| A | Comprehensive Accommodation Chrono dated 1/26/2015 [1 page] |
|---|---|
| B | Dignity Health Mercy Hospital Bakersfield Telemedicine Report dated 3/2/2015 [2 pages] |
| C | Primary Care Provider Progress Note dated 3/27/2015 [1 page] |
| D | Physician's Orders Telemedicine dated 4/21/2015 [1 page] |
| E | Medical Progress Note dated 7/7/2015 [2 pages] |
| F | Inmate Clinic Consultation dated 7/20/2015 [2 pages] |
| G | Telemedicine Pulmonary Consultation dated 7/20/2015 [2 pages] |
| H | Medical Progress Note dated 7/23/2015 [1 page] |
| I | Primary Care Provider Progress Note dated 9/20/2016 [1 page] |
| J | Nursing Visit Progress Note dated 10/7/2016 [1 page] |
| K | Interdisciplinary Progress Note dated 10/24/2016 [1 page] |
| L | Kaiser Emergency Department Report dated 6/7/2020 [26 pages] |
| M | Kaiser Emergency Department Report dated 7/19/2021 [26 pages] |
| N | Dr. Stewart Lonnky's Expert Report |
| O | Declaration of Custodian of Records of Plaintiff's medical file records from CDCR |
| P | Declaration of Custodian of Records of Plaintiff's central file records from CDCR |