UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. VAUGHN,<br><br>        Plaintiff,<br><br>   v.<br><br>NURSE TERAN,<br><br>        Defendant. | Case No. 1:17-cv-00966-HBK (PC)<br><br>ORDER DIRECTING PLAINTIFF TO FILE MOTION TO SEAL ON DOCKET<br><br>(Doc. No. 126) |

    Pending before the Court is Plaintiff Mark A. Vaughn's Notice of Request to Seal Documents, filed on July 26, 2024 pursuant to Local Rule 141 and Federal Rules of Civil Procedure 5.2 and 26. (Doc. No. 126). Plaintiff separately submitted to the Court via email a Request to Seal ("Motion"), Damages Brief, a Proposed Order, and 115 pages of supporting documentation. Plaintiff did not serve the Motion or accompanying materials on Defendant and real party in interest, the California Department of Corrections and Rehabilitation ("CDCR") and instead asserts that "[s]erving this [Motion] on other parties is clearly not appropriate" because the attached documentation includes "financial records, contracts, and other evidence of debt [that are] normally considered private[,] [and] [g]ranting CDCR access to Plaintiff's record of debts is neither warranted nor fair." (*Id*. at 1-2).

    ////

    ////

Local Rule 141 of this Court governs motions to seal. With respect to service of the non-moving parties, the Rule provides:

> Except in matters in which it is clearly appropriate not to serve the "Request to Seal Documents," proposed order, and/or documents upon the parties, which would include criminal pre-indictment matters, all Requests, proposed orders, and submitted documents shall be served on all parties on or before the day they are submitted to the Court. See L.R. 135.

L.R. 141(b). (E.D. Cal. 2023). While Plaintiff may be able to demonstrate good cause for sealing certain documents attached to the Motion,[1] the Court does not find it "clearly appropriate not to serve" the Motion and the Damages Brief on CDCR. Rather, the Court finds it appropriate to serve those pleadings without the attached documentation so that CDCR may respond to Plaintiff's arguments. The Court also finds it appropriate for CDCR to be advised with greater specificity what materials Plaintiff proposes to seal[2] so that it may argue whether sealing is warranted as to each type of material. Thus, Plaintiff is directed to include with his filing a list of the categories of materials that he proposes to be sealed.

The Motion and Damages Brief, along with the information discussed above, will provide CDCR with sufficient detail to meaningfully respond to Plaintiff's Motion, without needing to see the documents in which Plaintiff asserts a privacy interest. Given that Plaintiff's briefing bears directly on the significant monetary award he requests to be imposed against CDCR, the Court finds it appropriate that CDCR should have an opportunity to address the proposed bases for that award.

Accordingly, it is **ORDERED**:

1. Plaintiff is directed to file his Motion/Request to Seal, the accompanying Brief in Support ("Damages Brief"), and Proposed Order within five (5) days of this Order.
2. Defendant, or real party in interest California Department of Corrections and

---

[1] T this time, the Court makes no finding with respect to the confidentiality of the documentation accompanying Plaintiff's Motion.

[2] While Plaintiff's Motion states that "the records subject to this order are records of debts incurred by Plaintiff," many of the documents attached do not fit that description. They also include numerous receipts of Counsel's costs incurred in litigating the case, a spreadsheet summarizing those costs, and a copy of the retention agreement, none of which are presumptively entitled to confidentiality.

2

Rehabilitation, shall respond to Plaintiff's Motion according to the deadlines set forth in Rule 230(l).

Dated: August 14, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE