UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. VAUGHN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TERAN,<br><br>　　　　Defendant. | Case No.  1:17-cv-00966-HBK<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL<br><br>(Doc. Nos. 126, 128) |

Pending before the Court is Plaintiff Mark A. Vaughn's Motion to Seal, filed August 15, 2024.  (Doc. No. 128).  Defendant filed an Opposition (Doc. No. 130), and Plaintiff filed a Reply (Doc. No. 131).  For the reasons set forth below, the Court grants in part and denies in part Plaintiff's Motion.

**BACKGROUND**

On July 12, 2024, the Court granted in part Plaintiff's Motion to Enforce the Settlement Agreement in this case and directed Plaintiff to

> file a document outlining his damages resulting from CDCR's breach of the Settlement Agreement, supported where possible with documentary evidence, including his retention agreement with Plaintiff.

(Doc. No. 125 at 17 ¶ 2).  On July 26, 2024, Plaintiff filed a two-page "Notice of Request to Seal" and separately submitted to the Court via email a request to seal, brief in support, proposed order,

1

1  and 115 pages of documents supporting Plaintiff's claim for more than $250,000 in damages.
2  (*See* Doc. No. 126). Plaintiff argued that because the evidence contained sensitive and
3  embarrassing financial information, it should not be served on Defendant. (Doc. No. 126 at 1-2).
4  On August 15, 2024, the Court found it was not "clearly appropriate not to serve" the motion and
5  damages brief on CDCR under Rule 141(b), and therefore directed Plaintiff to file a portion of his
6  damages briefing, omitting the documentary evidence, as a motion to seal, and ordered Defendant
7  to file a response. (Doc. No. 127). Plaintiff then filed the instant Motion, including a
8  Supplemental Damages Brief (Doc. No. 128); a Request to Seal Documents (Doc. No. 128-1); a
9  Proposed Order (Doc. No. 128-2); a Damages Brief on Breach of Settlement Agreement (Doc.
10 No. 128-3); and a Proposed Judgment (Doc. No. 128-4). Defendant subsequently filed an
11 Opposition to the Motion to Seal (Doc. No. 130) and Plaintiff filed a Reply (Doc. No. 131).

**PARTIES' POSITIONS**

13      Plaintiff contends that pursuant to Federal Rule of Civil Procedure 5.2(d), the Court
14 should grant his Motion because the documents demonstrating his damages include "financial
15 records, contracts, and other evidence of debt . . . [that] are normally considered private." (Doc.
16 No. 128-1 at 1-2). Moreover, because these sensitive documents would not have been at issue
17 absent CDCR's breach of the settlement agreement, Plaintiff contends that "[g]ranting CDCR
18 access to [his] records of debts is neither warranted nor fair." (*Id*. at 1).

19      Aside from addressing the merits of Plaintiff's purported damages (which are not at issue
20 at this stage), Defendant argues that it cannot meaningfully respond to Plaintiff's damages claims
21 without having an opportunity to review the documents on which those claims are based. (Doc.
22 No. 130 at 3). Defendant asserts that denying CDCR the opportunity to do so constitutes a
23 violation of its due process rights under the Fourteenth Amendment. (*Id*.). Further, Defendant
24 contends that under California law, a party seeking damages waives the right to privacy in
25 documents relevant to those damages. (*Id*.) (citing *Britt v. Superior Court*, 20 Cal. 3d 844, 859-
26 60 (1993). And it would deny Defendant a fair hearing in violation of due process if it was
27 unable to review and address the authenticity and relevance of the documents that Plaintiff's
28 counsel relies upon in proving damages. (*Id*. at 4).

1     Plaintiff's counsel[1] responds in a Reply that Defendants are improperly attempting to shift
2 the blame for the breach of contract to Plaintiff.  In fact, he argues, Defense counsel and CDCR
3 are responsible for the damages now being contested by the Parties.  (Doc. No. 131 at 1).
4 Plaintiff argues that Defendant should not be permitted to review or object to Plaintiff's case
5 expenses or unpaid debts.  (*Id*. at 2).  "Had Defendants handled the settlement professionally," he
6 argues, "the funds would have been used to pay those expenses without CDCR having to worry
7 about whether the costs were expected or not." (*Id*.).  Plaintiff also asserts that *Britt v. Superior*
8 *Court* is not applicable here because "[t]he matter before the Court is not to determine Mr.
9 Vaughn's damages" and that *Britt* only pertains to that issue.  (*Id*. at 3).

## DISCUSSION

**A.  Legal Standard**

Under Local Rule 141, "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." L.R. 141(a) (E.D. Cal. 2023).  A party seeking to seal documents "shall submit . . . a 'Notice of Request to Seal Documents,' a 'Request to Seal Documents,' a proposed order, and all documents covered by the request." L.R. 141(b).  "Except in matters in which it is clearly appropriate not to serve the 'Request to Seal Documents,' proposed order, and/or documents upon the parties, which would include criminal pre-indictment matters, all Requests, proposed orders, and submitted documents shall be served on all parties on or before the day they are submitted to the Court." (*Id*.).

There is a presumptive right of public access to court records based upon the common law and the first amendment.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

A party seeking to seal a judicial record then bears the burden of overcoming this strong

---

[1] Plaintiff's counsel is now a real party in interest in this case, given that he seeks damages for CDCR's breach, and opposes disclosure of his and his client's private financial information.

3

presumption by meeting the "compelling reasons" standard. *Foltz*, 331 F.3d at 1135. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id*. (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct*., 187 F.3d 1096, 1102–03 (9th Cir. 1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" *Hagestad*, 49 F.3d at 1434 (quoting *EEOC v. Erection Co*., 900 F.2d 168, 170 (9th Cir. 1990)). In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct*., 798 F.2d 1289, 1295 (9th Cir. 1986)).

However, a less exacting "good cause" standard "applies to private materials unearthed during discovery," and to "previously sealed discovery attached to a nondispositive motion." *Id*. (citing *Pintos*, 605 F.3d at 678). Compelling reasons for sealing information exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

**B. Analysis**

Here, Plaintiff seeks not only to seal the documents pertaining to counsel's case expenses[2] but also to prevent Defendants from reviewing the materials. (*See* Doc. No. 128; Doc. No. 128-1 at 1). While Plaintiff's order appears to request that all documentation supporting his damages be sealed,[3] he only asserts good cause to seal four types of records: Bail Records, Liens, Fee Agreement, and Secured Debts. (*Id*.). For reasons set forth below, the Court will grant Plaintiff's Motion as to those four categories of records. However, the Court does not find this to be an

---

[2] The briefing refers to Plaintiff's various debts, somewhat dubiously, as "case expenses."

[3] As directed by the Court, Plaintiff identifies in general terms the contents of his documentary evidence, which include: Depositions, Service of Process, Experts, Bail, Record Recovery, Postage, Photocopies, Travel, Communications, Liens, Attorney Fees, and Secured Debts. (Doc. No. 128 at 2).

1  instance where it is "clearly appropriate not to serve" the records on Defendant, particularly given
2  that Defendant has no other means to dispute Plaintiff's claim for damages. *See* L.R. 141(b); *see*
3  *also ATM Exp., Inc. v. ATM Exp., Inc.*, 2008 WL 4997600, at *2 (S.D. Cal. Nov. 20, 2008)
4  (reasoning that "[i]n almost any case where a plaintiff seeks economic damages, it must present
5  financial information in support of the requested amount. Should either party . . . seek to seal any
6  financial information on which it intends to rely for proof of damages, it must show how the
7  financial information in this case is more confidential, sensitive or proprietary than in a typical
8  case where damages are sought."). The Court therefore will permit Defendant to review the
9  sealed documents for the limited purpose of responding to Plaintiff's proposed claim for
10 damages, subject to the protections set forth in this Order.

          1. <u>Bail Records</u>

        Plaintiff provides several documents from a bail bond company and a collection agency attempting to collect on unpaid bond payments. The documents include an indemnity agreement with the bond company, co-signed by Plaintiff's counsel. Plaintiff contends that filing these records publicly would "not only expose [Plaintiff's] private transactions to the public, but they also expose Plaintiff's counsel to claims by creditors and scammers." (*Id.*). The Court agrees that sealing these records is appropriate.

        Compelling reasons for sealing information exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. Here, the documents related to Plaintiff's bond, the involvement of Plaintiff's counsel in securing the bond and their respective liabilities under the bond agreement could be used to "gratify private spite" or otherwise expose Plaintiff and his counsel to financial disrepute. There is no obvious benefit to the public in disclosure of these private records, which have only a tangential bearing on a matter of public concern. The Court therefore finds good cause to grant Plaintiff's motion to file them under seal. Nevertheless, the Defense is entitled to

5

review the records for the limited purpose of responding to Plaintiff's arguments in support of his damages, and the Court will therefore direct the Clerk to provide the records directly to Defense counsel, subject to protections set forth in this Order.

2. <u>Liens</u>

Plaintiff provides records of liens held by Iowa Child Protective Service ("ICPS") and the Department of Health Care Services ("DHCS") Recovery Section, regarding an outstanding lien against Plaintiff arising from unpaid Medi-Cal bills.

As to the ICPS lien, Plaintiff argues that "[c]laims that a person is not paying child support do not belong in an unrelated civil case" and filing them publicly would expose him to "adverse public scrutiny." (*Id.*). As to the Medi-Cal lien, Plaintiff claims that "[b]ecause medical bills are subject to HIPAA protections, they should not be published." (*Id.*). Again, the Court agrees that these records should be sealed.

The records related to Plaintiff's allegedly delinquent child support payments could be used to "gratify private spite" or otherwise expose Plaintiff to public disrepute. Plaintiff's child support matter has marginal relevance to this case, and thus the public has a limited interest in disclosure of these records. The Court therefore finds good cause to grant Plaintiff's motion to seal these records but will direct the Clerk of Court to provide them directly to Defense counsel for review in responding to Plaintiff's damages claim, subject to protections set forth in this Order.

As to Plaintiff's DHCS records, "[t]he privacy interest in one's confidential medical records is conditional and a limited impairment of the right may be allowed if properly justified. *Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D. Cal. 1995) (calling for in camera review of records); *see also Hutton v. City of Martinez*, 219 F.R.D. 164, 167 (N.D. Cal. 2003) (noting that "HIPAA does not preclude production of . . . medical records and worker's compensation files in response to either a discovery request, subpoena or" a Court order, where an adequate protective order is in place). Here, the Court does not find any significant public interest in disclosure of records pertaining to Plaintiff's DHCS lien, which again has only tangential relevance to this case. Meanwhile, Plaintiff's private financial and medical records have not otherwise been made

1 public and contain arguably sensitive information that warrants protection. *See United States v.*
2 *Mahoney*, 2019 WL 1040402, at *4 (W.D. Wash. Mar. 5, 2019) (finding good cause to grant
3 motion to seal "medical bills, collection notices, and other correspondence containing sensitive
4 personal information" regarding victim of crime).  The Court therefore finds good cause to grant
5 the motion as to Plaintiff's DHCS records but will make the records available to Defense for the
6 limited purpose of responding to Plaintiff's damages claim, subject to the protections set forth in
7 this Order.

        3. <u>Fee Agreement</u>

        Plaintiff's counsel has acknowledged that the fee agreement in this case "calls for a 35% fee" but asserts that the fee agreement is otherwise "a private communication between counsel and client, and . . . will provide no other relevant information about the CDCR's breach of the settlement agreement than provided here." (*Id*. at 2).  The Court agrees in part.  A legal services agreement "contains confidential client communications reciting private contractual terms" of the representation and sealing it "will have little effect on the public's ability to understand the issues" addressed in this litigation. *See BoxNic Anstalt v. Gallerie degli Uffizi,* 2020 WL 2991561, at *4 (D. Ariz. June 4, 2020).  However, the legal services agreement may contain provisions pertaining to assumption of risk and liability, which could be relevant to whether Plaintiff's counsel is liable for Plaintiff's obligations to third parties.  Accordingly, the Court will grant the motion to seal as to the fee agreement but will again permit Defense to review it for the limited purpose of responding to Plaintiff's claims for damages, subject to the protections set forth in this Order.

        4. <u>Secured Debts</u>

       Plaintiff notes that he entered into two non-recourse loans and that Plaintiff's counsel agreed to repay the loans from settlement proceeds.  (Doc. No. 128 at 2).  After Plaintiff absconded with the settlement check, the lenders demanded payment from Plaintiff's counsel. (*Id*.).  Plaintiff contends that "[b]ecause this matter is leading to litigation, these records should remain private."  (*Id*. at 2-3).  Counsel further asserts that he and Plaintiff should not be "exposed to outside critiques about the debts incurred." (Doc. No. 128-1 at 1).  As with the records

discussed above, records of Plaintiff's debts and counsel's communication with debtors could be used to "gratify private spite" or otherwise expose Plaintiff and his counsel to public disrepute. Meanwhile, the records have minimal relevance to the issues in this case, beyond determining the measure of Plaintiff's damages.  Thus, the Court will grant the motion to seal as to the records pertaining to Plaintiff's secured debts but will make those records available to the Defense for the limited purpose of responding to Plaintiff's damages claim, subject to protections set forth in this Order.

Beyond the four enumerated categories of documents identified by Plaintiff, he does not set forth good cause as to any other documents submitted in support of his damages.  (*See generally* Doc. No. 128).  As he notes, "[t]he remaining case expenses are typical of a civil rights lawsuit and are offered as self-explanatory." (Doc. No. 128-3 at 3).  The Court therefore finds no reason to seal these non-sensitive records of counsel's case expenses and will direct Plaintiff to file them to the docket.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Seal (Doc. No. 128) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.
2. No later than five (5) days from the date of this Order, Plaintiff shall file the records of case expenses not pertaining to Bail Records, Liens, the Fee Agreement, and Secured Debts to the docket for this case.
3. By the same date, Plaintiff shall submit a copy of this order, along with the documents pertaining to Bail Records, Liens, the Fee Agreement, and Secured Debts to approvedsealed@caed.uscourts.gov.
4. The Clerk of Court is directed to file the records submitted pursuant to Paragraph 3 of this Order UNDER SEAL and provide to Defense counsel via email conformed copies of the same records filed under seal.
5. Defense counsel may review the records identified in Paragraph 3 for the limited purpose of responding to Plaintiff's claims for damages.  Neither he nor any member of his office may reproduce, disseminate, or publish the records, under penalty of

sanction.

6. **No later than ten (10) days from receipt of Plaintiff's documentary evidence**, Defendant/CDCR shall file a brief stating its position as to the damages sought in Plaintiff's Motion (Doc. No. 128).

7. **No later than five (5) days after the filing** of Defendant's brief addressing Plaintiff's damages, Plaintiff may file a reply.

8. The Clerk of Court shall terminate Plaintiff's Notice of Request to Seal (Doc. No. 126) as a pending motion on the docket.

Dated:   September 9, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

9